PHILLIP A. TALBERT
Acting United States Attorney
LAURA JEAN BERGER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIRSO GARCIA-VALDEZ,<br>MISAEL GARCIA CARRANZA, and<br>BRENDA CARMONA-VENEGAS,<br><br>Defendants. | CASE NO. 1:20-CR-00044 DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT REGARDING DEFENDANTS TIRSO GARCIA-VALDEZ AND MISAEL GARCIA CARRANZA; FINDINGS AND ORDER<br><br>CURRENT DATE: November 10, 2021<br>TIME: 1:00 p.m.<br><br>PROPOSED DATE: January 26, 2022<br><br>COURT: Hon. Barbara A. McAuliffe |

     This case is set for status conference on November 10, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters. Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

     Although the General Orders address the district-wide health concern, the Supreme Court has

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D.

for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant TIRSO GARCIA-VALDEZ, by and through defendant's counsel of record, Mark Broughton, and defendant MISAEL GARCIA-CARRANZA, by and through defendant's counsel of record, Roger Wilson hereby stipulate as follows:

1. By previous order, this matter was set for status on November 10, 2021.

2. By this stipulation, defendants now move to continue the status conference until January 26, 2022, and to exclude time between November 10, 2021, and January 26, 2022, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes over 60 audio and video recordings and over 1,000 pages of Bates stamped discovery. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendants desire additional time to consult with their clients, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolutions with their clients, to prepare pretrial motions, and to otherwise prepare for trial.

   c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

---

Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1  et seq., within which trial must commence, the time period of November 10, 2021 to January 26,
2  2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code
3  T4] because it results from a continuance granted by the Court at defendant's request on the basis
4  of the Court's finding that the ends of justice served by taking such action outweigh the best
5  interest of the public and the defendant in a speedy trial.

6      4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the
7  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial
8  must commence.

9      IT IS SO STIPULATED.

Dated:  November 3, 2021

    PHILLIP A. TALBERT
    Acting United States Attorney

    /s/ LAURA JEAN BERGER
    LAURA JEAN BERGER
    Assistant United States Attorney

Dated:  November 3, 2021

    /s/ per email authorization
    MARK A. BROUGHTON
    Counsel for Defendant
    TIRSO GARCIA-VALDEZ

Dated: November 3, 2021

    /s/ per email authorization
    ROGER WILSON
    Counsel for Defendant
    MISAEL GARCIA-CARRANZA

//
//

# **ORDER**

IT IS SO ORDERED that the status conference is continued from November 10, 2021, to **January 26, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv). However, in any request for a continuance, the parties shall explain when they will be ready to set a trial date.

IT IS SO ORDERED.

Dated:   **November 3, 2021**              /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE